# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CHAPTER1 LLC, on behalf of itself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 25-cv-97 |
| v. | )<br>) |
| THE UNITED STATES, | )<br>) |
| Defendants. | )<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................i

MOTION .......................................................................................................................................1

PRELIMINARY STATEMENT ....................................................................................................1

LEGAL STANDARD....................................................................................................................2

BACKGROUND ...........................................................................................................................2

I.     LEGAL BACKGROUND ...............................................................................................2

II.    THIS CASE......................................................................................................................2

ARGUMENT.................................................................................................................................3

CONCLUSION .............................................................................................................................4

## MOTION

Plaintiff Chapter1 LLC respectfully moves this Court for summary judgment. For the reasons below, the relevant tariffs were illegally exacted and Plaintiff is entitled to judgment as a matter of law.

## PRELIMINARY STATEMENT

This case is another that requires this Court to consider whether the recently imposed tariffs, ostensibly authorized by the International Emergency Economic Powers Act (IEEPA), were illegally imposed. But for Plaintiff Chapter1, LLC, this is not only a case of grand constitutional principal or governmental theory; it is a dispute that will make or break a business whose primary motivation is to manufacture high-quality skincare products here in the United States. To do so, Chapter1's founder formed a startup company and signed a contract to import specialized manufacturing equipment from China. But there was a delay at the port, so his machine left the Port of Shanghai for the United States on April 7, 2025. And so Chapter1 was faced with an unforeseen and unprecedented tariff of $26,985.62 on $13,000 of goods.

Those tariffs were illegally imposed. As this Court ruled in *V.O.S. Selections, Inc. v. Trump*, No. 1:25-cv-66, and *Oregon v. Trump*, No. 1:25-cv-77, IEEPA does not grant the President unlimited authority to impose tariffs on any country at any rate for any time interval he wants. Because the tariffs were illegally imposed, Plaintiff is entitled to a judgment in the amount it illegally paid or an order requiring a refund. That amount is $22,953.50, as the indisputable facts show.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." U.S. Ct. Int'l Trade R. 56(a). "A nonmoving party establishes that there is a genuine dispute of material fact only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aspects Furniture Int'l, Inc. v. United States*, 42 F. 4th 1366, 1369 (Fed. Cir. 2022) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)). Here, as this Court has ruled, the IEEPA tariffs are illegal as a matter of law and no material facts are in dispute.

## BACKGROUND

### I. LEGAL BACKGROUND

IEEPA authorizes the President to take certain specified measures "to deal with any unusual and extraordinary threat, which has its source in whole or substantial part outside the United States, to the national security, foreign policy, or economy of the United States, if the President declares a national emergency with respect to such threat." 50 U.S.C. § 1701(a). IEEPA authorizes the President to "regulate . . . the importation of" goods if (1) "any foreign country or national thereof has any interest" in the goods and (2) the "property" is "subject to the jurisdiction of the United States." As this Court ruled in *V.O.S. Selections*, all of the tariffs enacted pursuant to IEEPA in a series of 2025 executive orders are illegal.

### II. THIS CASE.

Chapter1 is a Nevada limited-liability company wholly owned by Ali Shaubzada. Statement of Undisputed Material Facts (SUMF) ¶ 1. On September 30,

2024, Chapter1 purchased custom-made equipment from Hunan MiGrand Machinery Technology Co., Ltd. for $15,830. *Id.* ¶ 3. Chapter1 had to pay $26,985.62 in tariffs upon importing the machine. *Id.* ¶ 4. Twenty-two thousand nine hundred and fifty three dollars and fifty cents of the tariffs ($22,953.50) Chapter1 paid were imposed by executive orders for which the purported source of authority is IEEPA. *Id.* ¶ 5.

## ARGUMENT

The heavy tariff that Chapter1 paid upon importing goods from China was illegally imposed. As this Court held in *V.O.S. Selections*, all of the tariffs that purported to be imposed under IEEPA were not legally authorized. *See V.O.S. Selections*, Dkt. No. 56.

There is conclusive evidence that Plaintiff paid $22,953.50 pursuant to these illegal tariffs. He is entitled to a money judgment in that amount, *e.g. Shinyei Corp. of America v. United States*, 355 F.3d 1297, 1312 (Fed. Cir. 2004), *cited in In re Section 301 Cases*, 524 F. Supp. 3d 1355, 1364 (CIT 2021) ("One view of *Shinyei* would be that it confirmed the CIT's power to order money judgment in Section 1581 actions and to order reliquidation if necessary."), or an order that the United States refund that amount, *e.g.*, *U.S. Shoe Corp. v. United States*, 114 F.3d 1564, 1566 (Fed. Cir. 1997), *aff'd*, 523 U.S. 360 (1998). The United States does not contest that if Plaintiff prevails in this Action he will be entitled to a refund. *E.g.*, *V.O.S. Selections*, Dkt. No. 59 ("For any plaintiff who is an importer, even if a stay is entered and we do not prevail on appeal, plaintiffs will assuredly receive payment on their refund with interest.").

## CONCLUSION

For the foregoing reasons, this Court should grant summary judgment to Plaintiff Chapter1 LLC and enter judgment for $22,953.50, plus interest and costs, or, in the alternative, enter an order requiring the United States to pay a refund in the amount of $22,953.50.

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
Jeremy Shur
(*pro hac vice* application forthcoming)
GERSTEIN HARROW LLP
400 7th Street NW, Suite 304
Washington, DC 20025
charlie@gerstein-harrow.com
(202) 670-4809

Jason Harrow
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Suite 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*Attorneys for Plaintiffs*